## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02711-REB-KMT

VERONICA BENAVIDEZ,

    Plaintiff,

v.

BOULDER VALLEY SCHOOL DISTRICT,

    Defendant.
_____

## STIPULATED PROTECTIVE ORDER
## CONCERNING CONFIDENTIAL INFORMATION
_____

The parties, by and through their respective counsel, stipulate to the entry of this Protective Order Concerning Confidential Information, as follows:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be defined as: (a) Documents and information produced by Boulder Valley School District ("Defendant"),

or any of Defendant's agents or representatives, when designated as "confidential" as provided herein, concerning current or former employees of Defendant (including Plaintiff), including personnel or personnel-related documents or internal memoranda, and (b) Documents and information produced by or obtained through releases produced by Plaintiff, concerning individual medical, personal identification, financial and/or tax records, when designated as "confidential" as provided herein.

4. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

  (a) attorneys actively working on this case;
  (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;
  (c) the parties and designated representatives for the entity defendant;
  (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;
  (e) the Court and its employees ("Court Personnel");
  (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;
  (g) deponents, witnesses, or potential witnesses; and
  (h) other persons by written agreement of the parties.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Any information designated by a party as CONFIDENTIAL must first be reviewed by lawyer who will certify that the designation as

CONFIDENTIAL is based on a good faith belief that the information is CONFIDENTIAL or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1). Further, parties and attorneys designating documents as CONFIDENTIAL represent that such documents contain information in which there is a legitimate private or public interest as referenced in D.C.Colo.LCivR 7.2(B)(2).

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its

designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. Documents designated CONFIDENTIAL shall not be filed with the Court except when required in connection with motions under Fed. R. Civ. P. 12, 37, or 56, motions to determine confidentiality under the terms of this Protective Order, motions related to discovery disputes if the confidential documents are relevant to the motion and in appendices, briefs, or pleadings relating to an appeal.  A party contemplating filing with the Court a document or documents designated CONFIDENTIAL pursuant to and protected by this Protective Order must comply with the requirements of D.C.Colo.LCivR 7.2.  A party seeking to file with the Court any document or documents designated CONFIDENTIAL pursuant to and protected by this Protective Order, and which have been designated CONFIDENTIAL by another party, may request that the designating party provide the information required by D.C.Colo.LCivR 7.2(B).  Such request shall be made by notifying counsel for the designating party in writing at least ten (10) business days before the filing is to occur.  If such a request is timely made, counsel for the party that has designated the document(s) CONFIDENTIAL shall, within five (5) business days, respond in writing providing the information required by D.C.Colo.LCivR 7.2(B).  If no such timely request is made, the party seeking to file the CONFIDENTIAL document(s) must in good faith supply the information required by D.C.Colo.LCivR 7.2(B).  If the party seeking to file the CONFIDENTIAL document(s)

made a timely request and did not receive a written response within five (5) business days, that party shall notify the Court and the Court will advise the parties regarding how to proceed.

10. The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall thereafter remain in full effect.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

STIPULATED TO AND APPROVED AS TO FORM this 16th day of March 2009.

| | |
|---|---|
| *s/ Mari Newman* | *s/ Meghan Pound* |
| _____ | _____ |
| Mari Newman | Michael W. Schreiner |
| Darold Killmer | Meghan Pound |
| Rebecca T. Wallace | CAPLAN & EARNEST, LLC |
| KILLMER, LANE & NEWMAN, LLP | 1800 Broadway, Suite 200 |
| 1543 Champa Street, Suite 400 | Boulder, CO 80302 |
| Denver, CO 80202 | mschreiner@celaw.com |
| mnewman@kln-law.com | mpound@celaw.com |
| dkillmer@kln-law.com | |
| rtwallace@kln-law.com | ATTORNEYS FOR DEFENDANT |
| ATTORNEYS FOR PLAINTIFF | |

Dated this 16th day of March, 2009.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge